**LAW OFFICES OF DAVID WOLFF LLC**
**Attorneys for Trustee**
**750 Route 34, Suite 11**
**Matawan, New Jersey 07747**
**(732) 566-1189**
**DW/3331**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| _____ x | : |  |
| In the Matter of: | : | Case No.  23-13862-RG |
|  | : |  |
| **BYUNG RAI CHO,** | : | **Chapter 7 Proceeding** |
|  | : |  |
| Debtor. | : | **Hon.  Rosemary Gambradella** |
|  | : |  |
| _____ x | : | Hearing Date: 11/14/2022 at 10:00 a.m. |

**CERTIFICATION OF CHAPTER 7 TRUSTEE IN OPPOSITION TO DEBTOR'S**
**MOTION TO CONVERT CASE**

David Wolff, of full age, hereby certifies as follows:

1.     I am the Chapter 7 Bankruptcy Trustee ("Trustee") of the above-captioned debtor Byung Rai Cho ("Debtor") and, as such, am fully familiar with the facts set forth herein.

2.     In my 33+ years of bankruptcy practice, and my 25+ years serving as a Chapter 7 trustee, the Debtor's motion to convert this case to Chapter 13 is the most outrageous, and egregious, conversion motion I have ever been required to respond to.  For the litany of reasons set forth below, the motion should not even be seriously considered, and be summarily denied, with prejudice, for having clearly been filed in bad faith.  Frankly, its filing is somewhat farcical.

3.       Debtor's counsel sets forth certain detailed background 'facts' in its Brief related

to its motion to convert the case to Chapter 13, many of which are accurate and will not be

repeated here, though some statements set forth therein are inaccurate and will be corrected

below.  However, the most glaring issue of the Debtor's Brief is the lack of inclusion of many of

the vital germane and controlling facts, necessitating denial of the motion to convert.

4.       First of all, there are numerous valid pending causes of action in this case against

the Debtor, a corporation owned by the Debtor, his family members, and a corporation owned by

the Debtor's wife, which easily can exceed $1,000,000 in monetary benefit to the bankruptcy

estate, and which took months of investigation and work by Trustee's respective professionals in

order to be brought.  The bases for these claims are set forth in three (3) separate adversary

proceedings brought against the parties in interest referenced in the first sentence of this

paragraph, all of which are very detailed, and it is requested the Court review the Complaints in

those adversary proceedings to see how strong the claims are against the Debtor's relatives and

related corporations for recovery of enormous pre-petition fraudulent transfers, and how serious

the claims are against the Debtor that form the basis for denial of his discharge.

5.       Considering these significant and valid claims (just one of which involves

recovery of the Debtor's pre-petition interest in a California home transferred for no

consideration to his son and daughter-in-law, with a bankruptcy estate net value far in excess of

$250,000), it is absurd that Debtor's counsel states in paragraph 25 of its brief that "the Debtor is

preparing a Chapter 13 Plan to address the issues raised by the Trustee in his three adversary

proceedings".

6.      While the major bankruptcy estate financial causes of action are against the

Debtor's relatives, his wife's corporation, and the Debtor's corporation for pre-petition

fraudulent transfers by the Debtor, creating an actual conflict between the Debtor, and those

relatives and that company, Debtor's counsel has had the audacity to file Notices of Appearance

in ALL the adversary proceedings, claiming to represent all defendants in all actions.  Clearly,

this is more than a potential conflict, it is an actual conflict, and the Trustee has filed motions to

disqualify Middlebrooks Shapiro, P.C. from all representations related to this case, other than the

Debtor.

7.      It is also important to note that Debtor's counsel only filed this conversion motion

AFTER the first disqualification motion was filed, seeking an "end around" to all the work done

by the Trustee's respective attorneys (3 separate law firms), all of which were retained pursuant

to Court Orders after no objection months ago.  This includes the majority of work to date

undertaken by Trustee's bankruptcy counsel (who is drafting this detailed Certification) and

additional work performed by Debtor's special counsel (who is preparing the supporting

Memorandum of Law), as well as California counsel (which filed the Lis Pendens against the

California real property that was fraudulently transferred pre-petition).

8.      As for the work done to date, initially Trustee's bankruptcy counsel reviewed and

analyzed voluminous documents produced by Debtor's prior counsel Amit Deshmukh, Esq.,

including bank statements, cancelled checks, and real property documentation related to many

parcels of real property,  and had 2 meetings with said counsel, one on July 12, 2023, and one on

August 3, 2023 at Mr. Deshmukh's office in Florham Park, New Jersey.  These facts correct the

-3-

false 'facts' set forth in paragraph 37 of Debtor's Brief that there were 3 meetings held in

Matawan, New Jersey at my offices (when in fact there was only one meeting held there).

9.       Shortly after the second meeting held on August 3, 2023, without getting into

specifics, the Debtor, via Mr. Deshmukh, offered several hundred thousands of dollars to resolve

all bankruptcy estate claims, which offer was rejected by the Trustee as being insufficient.

10.      It soon thereafter became apparent, after many communications with Mr.

Deshmukh and the inability of Trustee's bankruptcy counsel to have any discussions with the

Debtor's family members regarding the valid bankruptcy estate claims against them, that the

Debtor was not taking the proper steps needed (talking to family members on a substantive level,

etc.) to finalize an omnibus resolution.

11.      Trustee's bankruptcy counsel then reached out to Mr. Deshmukh seeking a simple

extension of time to object to the Debtor's discharge, so that a Complaint would not need to be

promptly prepared and filed.  When Debtor's counsel refused to execute a simple consent order,

Trustee's bankruptcy counsel was forced, on a very limited time frame, to draft and file a detailed

Complaint objecting to entry of the Debtor's discharge.

12.      Promptly thereafter, Barry J. Roy, Esq. of Rabinowitz, Lubetkin & Tully, LLC

was retained as special counsel to the Trustee.  Trustee's bankruptcy counsel, and special

counsel, have worked long and hard over several months to protect the significant claims of the

Debtor's general unsecured creditors which, according to the Debtor's schedules, exceed $1.193

million.  The fees of Trustee's respective counsel already exceed $70,000.

13.     In this case, as in all others, the Trustee much prefers reaching an omnibus
settlement as opposed to incurring significant administrative fees and costs litigating the valid
bankruptcy estate causes of action.  As described above, Trustee's bankruptcy counsel had
engaged in substantive settlement discussions with Debtor's counsel, Amit Deshmukh, prior to
his replacement by Middlebrooks Shapiro, P.C. and, while a final resolution was not reached, the
gap was narrowed.

14.     Following the involvement of substitute counsel for the Debtor, the Trustee
believed that Debtor's new counsel would make a concerted effort to bridge that gap in order to
resolve the valid causes of action, especially since Middlebrooks Shapiro, P.C. shockingly, was
seeking to represent all defendants in all the adversary proceedings brought by the Trustee.

15.     However, the opposite is true.  Attached hereto as Exhibit "A" (which should be
read from bottom to top) is an email stream by and among Debtor's counsel Joseph Shapiro,
Esq., Barry J. Roy, Esq, and me.  Mr. Shapiro's correspondence, seeking to dictate who their firm
might discuss resolution with, clearly evidences a lack of good faith in ever seeking a settlement,
and Middlebrooks Shapiro, P.C. engaged in NO settlement discussions before bringing this
ridiculous motion.

16.     Moreover, the filing of the 3 detailed adversary proceedings against all defendants
will each require mandatory mediation, if Debtor's counsel does not seek resolution of all valid
claims forthwith, to allow for a fair and reasonable resolution to be reached.  The Court cannot
reasonably allow for all of the work performed by Debtor's bankruptcy counsel, special counsel

and California counsel for months to be 'wiped off the board' by an 11th hour conversion to Chapter 13.

17.    As further evidence of the Trustee's commitment to vigorously litigating the bankruptcy estate's valid claims, on October 27, 2023 Trustee's special counsel issued a Request for Production of Documents to defendant CBR Products Corporation ("CBR") which, along with a corresponding letter sent to current CBR counsel Melinda Middlebrooks, Esq., is annexed hereto as Exhibit "B".

18.    Clearly, allowing a conversion to Chapter 13 at this late juncture would not only be unfair and unreasonable, but it would be a travesty of justice, based upon all of the facts and reasons set forth above. The Court cannot allow this case now to be converted to a Chapter 13, with numerous complex claims against numerous parties already addressed and pending in several adversary proceedings filed by Trustee's counsel, only after months of due diligence to get to this point.

19.    Further, to reiterate, Debtor's counsel cannot represent the other defendants and the Debtor simultaneously, and Trustee's motions to disqualify should be granted, unless the Court wants to give Debtor's counsel a small window of opportunity to seek an omnibus resolution, following denial of the Debtor's motion to convert, which must occur based upon the facts set forth above, and the law set forth in the supporting Memorandum of Trustee's special counsel.

20.    I need to correct paragraph 8 of Debtor's Brief, a cheap shot at the Trustee.  The

Trustee, in fact, properly filed a Notice of Assets on August 3, 2023, listing only Byung Rai Cho

as the Debtor. (A simple review of Docket No. 19 by Debtor's counsel, prior to taking the cheap

shot, would have made this crystal clear).

21.    I would like to draw the Court's attention to two sentences in paragraph 32 of

Debtor's Brief, which clearly evidence why this motion was filed in bad faith, and why it must be

denied with prejudice. After considering all of the foregoing, notably the significant pending

causes of action brought by the Trustee against numerous parties to recover many hundreds of

thousands of dollars, if not greater than $1 million, Debtor's counsel states, "The Debtor is a

seventy-three (73) year old individual who receives regular income by way of monthly social

security payments in the sum of $1,774.00. Monthly social security payments have been deemed

sufficient to meet the regular income requirement of Chapter 13".

22.    In my opinion, the Court should seriously question the Debtor's motives for even

filing this motion to convert to Chapter 13, given the fact that all disclosed assets are exempt.

Why is Chapter 13 even a consideration now?

23.    Given the Debtor's lack of income and assets in his own name, due to the myriad of

pre-petition fraudulent transfers by the Debtor, and consideration of the significant administrative

fees and costs and enormous unsecured debt, on top of everything else, any proposed plan in a

Chapter 13 would be patently unconfirmable.

24.     For all of the foregoing reasons set forth herein, and in the supporting

Memorandum of Law, it is respectfully requested that the Court deny Debtor's motion to convert

to Chapter 13 with prejudice, as it has been filed in bad faith.

I hereby certify that the forgoing statements made by me are true to the best of my

knowledge, information and belief.  I am aware that if any of the foregoing statements are

willfully false, I am subject to punishment.

DAVID WOLFF, Trustee

Dated:  November 6, 2023

# EXHIBIT "A"

**From:** David Wolff <dwlaw@verizon.net>
**To:** jshapiro@middlebrooksshapiro.com <jshapiro@middlebrooksshapiro.com>
**Sent:** Monday, October 9, 2023 at 06:44:06 PM EDT
**Subject:** Fw: Cho [Settlement Communication / Non-Discoverable]j

Joe,

I am VERY disappointed by the email you sent Barry. I have always thought we had a good working relationship. More importantly, not only am I counsel of record, I am the Trustee, and any settlement need be approved by me in any event.

I have practiced bankruptcy law for over 33 years, and been a Chapter 7 Trustee for over 25 years. In that time, I have settled hundreds of cases, because I have the ability to objectively see both sides of an issue and come to a reasonable resolution.

Here, there are significant and serious claims against the debtor and defendants, and it behooves all parties to reach a consensual resolution. But you are not going to dictate who you speak to, and am surprised you even tried to.

To be clear, I will not be in the office for the next few days. And I again encourage to you try me on my cell 201-618-6618 and leave me your cell number if you miss me.

Sincerely,
David Wolff

Law Offices of David Wolff LLC
750 Route 34, Suite 11
Matawan, NJ 07747

732-566-1189 (phone)

----- Forwarded Message -----
**From:** Barry Roy <broy@rltlawfirm.com>
**To:** Joseph M. Shapiro <jshapiro@middlebrooksshapiro.com>
**Cc:** dwlaw@verizon.net <dwlaw@verizon.net>
**Sent:** Monday, October 9, 2023 at 04:56:32 PM EDT
**Subject:** RE: Cho [Settlement Communication / Non-Discoverable]

2

Joe,

David is the person to speak with; which is why he reached out to you directly. If, for whatever reason, you do not feel comfortable speaking with him directly, please have Melinda give him a call as soon as possible.

Thanks,

Barry

Rabinowitz, Lubetkin & Tully, L.L.C.
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
Office:   973-597-9100
Fax:      973-597-9119
E-Mail:  broy@rltlawfirm.com

www.rltlawfirm.com

This e-mail message from Rabinowitz, Lubetkin & Tully, LLC is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system. Thank you.

**From:** Joseph M. Shapiro <jshapiro@middlebrooksshapiro.com>
**Sent:** Monday, October 9, 2023 1:54 PM
**To:** Barry Roy <BRoy@rltlawfirm.com>
**Cc:** Melinda Middlebrooks <middlebrooks@middlebrooksshapiro.com>
**Subject:** Fwd: Cho [Settlement Communication / Non-Discoverable]

Barry,

I just received the email below from David.  That's not going to work.  As we discussed on our call, it's not productive to engage with David. We need you to remain the single point of contact.

As we also discussed, we're early in the process of obtaining the information and documents we need to amend the petition and schedules. To facilitate that process, we again request that you send over information and documents in your or David's office's possession.  Although we do think settlement is possible without conversion to Chapter 13, we

3

definitely cannot meaningfully engage until we've filed the amendments to the petition and schedules. And we won't do this double-teaming thing with David.

You may want to consider advising David to agree to communicate solely through you, to withdraw anything that's currently pending such as requests for default, to agree that the parties stay all action, and that we all reconvene for settlement discussions once we've filed the amended schedules. Alternatively, we can send over Rule 2004 subpoenas this week if you think they're necessary to get David's cooperation, we can file the amendments, and proceed with the motion for conversion without any further discussions.

Note that these communications are for settlement purposes only, and our client reserves all rights.

Sincerely,

Joseph M. Shapiro, Esq.

(973) 218-4606 - direct

**MIDDLEBROOKS SHAPIRO, P.C.**

(973) 218-6877 - office

(973) 218-6878 - fax

www.middlebrooksshapiro.com

**Mailing Address:**

P.O. Box 1630

Belmar, New Jersey 07719-1630

**Office Address:**

841 Mountain Avenue, First Floor

Springfield, New Jersey 07081

---------- Forwarded message ---------
From: **David Wolff** <dwlaw@verizon.net>
Date: Mon, Oct 9, 2023 at 11:37 AM

4

Subject: Cho
To: <jshapiro@middlebrooksshapiro.com>

Joe,

I called your office last week and left a message.  I am retained in this case as bankruptcy counsel, so it is fine for you to communicate directly with me (Barry Roy is already aware of this), and I ask that you do so.

I am in the office today, and can be reached at my office number below.  I ask that you give me a call back today.  I will be out starting, but can be reached on my cell phone at 201-618-6618.

I much prefer you call me today, but if not please give me a call tomorrow on my cell.

Best regards,

David

Law Offices of David Wolff LLC
750 Route 34, Suite 11
Matawan, NJ 07747

732-566-1189 (phone)

# EXHIBIT "B"

# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

### ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKINΔ
MARY ELLEN TULLY, RETIRED
BARRY J. ROY*□
JEFFREY A. COOPER*
HENRY M. KARWOWSKI*
JOHN J. HARMON*

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100
FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

\* MEMBER NJ & NY BARS
Δ MEMBER NJ & GA BARS
□ MEMBER MA BAR

October 27, 2023

Melinda Middlebrooks, Esq.
Middlebrooks Shapiro, P.C.
841 Mountain Avenue
Springfield Township, New Jersey 07081

Re:    **Wolff v. Cho et al.**
       **Adv. Pro. No. 23-01253 (RG)**

Dear Melinda:

As you know, this office represents David Wolff, Chapter 7 Trustee (the "Trustee") in the above referenced matter. Enclosed please find for service on CBR Productions Corporation, the following:

(1) Trustee's First Request for Production of Documents to CBR Products Corporation.

If you have any comments or questions, please do not hesitate to contact me.

Very truly yours,

RABINOWITZ, LUBETKIN & TULLY, LLC

Barry J. Roy

BJR:rg
Encl.
cc:    David Wolff, Chapter 7 Trustee (via regular mail w/ encl.)

F:\Client_Files\A-M\Cho, Byung\Main Adversary\Letters\Middlebrooks document production.CBR.docx

**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Barry J. Roy
*Special Counsel for Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Case No. 23-13862 (RG) |
| | : | |
| BYUNG RAI CHO, | : | Chapter 7 |
| | : | |
| Debtor. | : | |
| | : | |
| DAVID WOLFF, Chapter 7 Trustee for, | : | Adv. Proc. No. 23-01253 (RG) |
| Byung Rai Cho, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD CHO, ERIC J. CHO, HAE K. CHO, | : | |
| CBR PRODUCTS CORPORATION and E&E | : | |
| GROUP CORPORATION, | : | |
| | : | |
| Defendants. | : | |

### TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF
### DOCUMENTS TO CBR PRODUCTS CORPORATION

TO:    Middlebrooks Shapiro, P.C.
       841 Mountain Avenue
       Springfield Township, New Jersey 07081

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 7034,

you are hereby requested to produce documents in accordance with the following instructions at

the offices of Rabinowitz, Lubetkin & Tully, LLC, 293 Eisenhower Parkway, Suite 100,

Livingston, New Jersey 07039.  Pursuant to Fed. R. Bankr. P. 7034, the documents must be

produced within thirty (30) days hereof.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Special Counsel Chapter 7 Trustee*

By: _____
        BARRY J. ROY

Dated:   October 27, 2023

2

## **INSTRUCTIONS**

1.    Each request for production shall be deemed continuing so as to require, in accordance with Fed. R. Bankr. P. 7026(e), the additional production of documents if further information or documents are created or discovered subsequent to the date of your response hereto. Such additional document production(s) shall be served from time to time, but not later than three (3) days after such additional information or documents are received or uncovered by you.

2.    If any document request is deemed to call for disclosure of proprietary data within the meaning of Fed. R. Bankr. P. 7026(c)(7), the Trustee is prepared to receive such data pursuant to an appropriate order with respect to confidentiality.

3.    If any documents are not produced on the ground of a privilege, the Deponent shall prepare a listing or a description of all such documents, including the date of all such documents, the drafter of all such documents, the recipient of all such documents, the identity of all persons in possession of all such documents, the privilege upon which the Deponent relies in refusing production of all such documents, and the Deponent shall produce a redacted version of all such documents to the extent of any non-privileged material contained therein.

4.    Each production request shall be construed to include all documents within the Deponent's possession, custody or control or the possession, custody or control of any of the Deponent's agents, as of the date of its response to these production requests as well as any document that subsequently is obtained or discovered.

5.    If any document responsive to these production requests has been destroyed, for each such document state when it was destroyed, identify the person who destroyed the document and the person who directed that it be destroyed. Also, detail the reasons for the destruction,

3

describe the nature of the document, identify the persons who created, sent, received or reviewed the document and state in as much detail as possible the contents of the document.

## DEFINITIONS

A.    "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Deponent including documents accessible at the Deponent's request, and shall include, without limitation, the following: the originals and all copies of all drafts or written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, deposit slips, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Deponent for its own use or for transmittal, or received by the Deponent, and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in these Requests for Production, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and supporting documentation, and including, without limitation, originals,

4

copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Deponent if it is in its physical custody or if it is in the physical custody of any person and either the Deponent (a) owns such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, express or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when it saw fit to do so.

B.      "Deponent" shall mean CBR Products Corporation, and/or any person acting on its behalf.

C.      "Trustee" means David Wolff, Chapter 7 Trustee of the bankruptcy estate of Byung Rai Cho, and/or any other person acting on his behalf.

D.      "Debtor" means Byung Rai Cho, and/or any other person acting on his behalf.

E.      "Filing Date" shall mean the date that the Debtor filed for Chapter 7 bankruptcy.

F.      "Refer" or "relate" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with or reflecting upon a stated subject matter.

G.      "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

H.      "You" or "yours" means the party or parties upon whom this discovery request is directed as defined above.

I.      "Identify" means when used in reference to:

   1.      A natural person -- his or her full name and present or last known address.

   2.      A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

   3.      A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addressees, all distributees, the number of pages, its subject matter, and identification of each person the Trustee has reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

   4.      An oral statement or communication;

      (a)      The date and the place where uttered.

      (b)      The place where received.

      (c)      The substance thereof.

      (d)      The means or medium employed for transmission thereof.

      (e)      The identification of each person to whom such statement or communication was made, each person who was present when such statement or

6

communication was made, and each person who was present when such statement was received.

5. Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

J. The words "relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying or referring or related in any way to.

K. "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

L. The term "communications" means any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including but not limited to, documents and correspondence as defined herein.

## DOCUMENTS TO BE PRODUCED

1.      Copies of all documents evidencing any transfer by and between the Deponent and the Debtor during the four (4) years prior to the Filing Date.

2.      Copies of the Certificate of Incorporation, By-Laws, and operating agreements, if any, of the Deponent.

3.      Copies of all documents evidencing any transfer by and between the Deponent and any insider of the Debtor during the four (4) years prior to the Filing Date.

4.      Copies of all documents evidencing, arising out of, or relating to the Deponent's payment and/or receipt of funds as a result of the liquidation of any of the Debtor's assets, including, but not limited to,1 Irving Place V7C, New York, New York, 1 Irving Place U21D, New York, New York, 249 Bearwoods Road, Unit 249, Building 17, Bears Nest, Park Ridge, New Jersey, 80 Riverside Boulevard, Unit #3B, New York, New York, 75 Wall Street, Unit 31C, New York, New York, and 420 Hudson Street, Brea, California.

5.      Copies of all Communications by and between the Deponent and the Debtor relating to the Deponent's payment and/or receipt of funds as a result of the liquidation of any of the Debtor's assets, including, but not limited to, 1 Irving Place V7C, New York, New York, 1 Irving Place U21D, New York, New York, 249 Bearwoods Road, Unit 249, Building 17, Bears Nest, Park Ridge, New Jersey, 80 Riverside Boulevard, Unit #3B, New York, New York, 75 Wall Street, Unit 31C, New York, New York and 420 Hudson Street, Brea, California.

6.      Copies of all Communications by and between the Deponent and any third party relating to the Deponent's receipt of funds as a result of the liquidation of any of the Debtor's assets, including, but not limited to, 1 Irving Place V7C, New York, New York, 1

8

Irving Place U21D, New York, New York, 249 Bearwoods Road, Unit 249, Building 17, Bears

Nest, Park Ridge, New Jersey, 80 Riverside Boulevard, Unit #3B, New York, New York, 75

Wall Street, Unit 31C, New York, New York and 420 Hudson Street, Brea, California.

7.        Copies of all the Deponent's annual financial statements, including income

statements, balance sheets, statements of cash uses, and accountants' notes for the four (4) years

prior to the Filing Date.

8.        Copies of all federal and state tax returns filed by the Deponent for the four

(4) years prior to the Filing Date.

9.        Copies of all cancelled checks, deposit slips, bank statements relating to the

Deponent for the four (4) years prior to the Filing Date.

10.        A detailed accounting by the Deponent of all deposits and withdrawals

relating to the Debtor's purchase and subsequent sale of real property located at 80 Riverside

Blvd., New York, New York. In connection with the accounting, please identify: (i) the name of

the individual or entity making the deposit, including any account number, if applicable and/or

(ii) the name of the individual or entity receiving the withdrawal, including any account number,

if applicable.

11.        A detailed accounting by the Deponent of all deposits and withdrawals

relating to the Debtor's purchase and subsequent sale of real property located at 75 Wall Street,

Apt. 31 C, New York, New York. In connection with the accounting, please identify: (i) the

name of the individual or entity making the deposit, including any account number, if applicable

and/or (ii) the name of the individual or entity receiving the withdrawal, including any account

number, if applicable.

9

12.     A detailed accounting by the Deponent of all deposits and withdrawals relating to the Debtor's purchase and subsequent sale of real property located at 1 Irving Place, Apt. V7C, New York, New York. In connection with the accounting, please identify: (i) the name of the individual or entity making the deposit, including any account number, if applicable and/or (ii) the name of the individual or entity receiving the withdrawal, including any account number, if applicable.

13.     A detailed accounting by the Deponent of all deposits and withdrawals relating to the purchase and subsequent sale of real property located at 3875 Par Drive, Yorba Linda, California. In connection with the accounting, please identify: (i) the name of the individual or entity making the deposit, including any account number, if applicable and/or (ii) the name of the individual or entity receiving the withdrawal, including any account number, if applicable.

14.     A detailed accounting of all deposits and withdrawals relating to the purchase and subsequent sale of real property located at 249 Bearwoods Road, Unit 249, Building 17, Bears Nest, Park Ridge, New Jersey. In connection with the accounting, please identify: (i) the name of the individual or entity making the deposit, including any account number, if applicable and/or (ii) the name of the individual or entity receiving the withdrawal, including any account number, if applicable.

15.     A detailed accounting of all deposits and withdrawals relating to the purchase and subsequent sale of real property located at 1 Irving Place U21D, New York, New York. In connection with the accounting, please identify: (i) the name of the individual or entity making

the deposit, including any account number, if applicable and/or (ii) the name of the individual or entity receiving the withdrawal, including any account number, if applicable.

16.      A detailed accounting of all deposits and withdrawals relating to the purchase of real property located at 420 Hudson Street, Brea, California. In connection with the accounting, please identify: (i) the name of the individual or entity making the deposit, including any account number, if applicable and/or (ii) the name of the individual or entity receiving the withdrawal, including any account number, if applicable.

F:\Client_Files\A-M\Cho, Byung\Main Adversary\Request for Production of Documents.CBR.doc

11